UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL HUBBELL,

        Plaintiff,

                                          Case No. 16-cv-12859
v.                                       HON. GEORGE CARAM STEEH

FEDEX SMARTPOST, INC.,

        Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff was employed by defendant through December 15, 2014. Plaintiff alleges that, beginning in 2010, defendant took adverse employment actions and discriminated against her because of her gender. Plaintiff filed Case No. 14-cv-13897 against defendant in 2014 under Title VII. Thereafter, plaintiff filed this case on June 29, 2016 in Wayne County Circuit Court. The complaint states three claims under the Elliot Larsen Civil Rights Act: (1) gender discrimination, (2) retaliation, and (3) hostile work environment – retaliation.

Defendant removed the case to this court on August 3, 2016 on the basis of diversity jurisdiction. On August 25, 2016, plaintiff filed a motion to remand for lack of subject matter jurisdiction, alleging that the amount in controversy did not meet the jurisdictional requirement of $75,000. The court held a hearing on this motion on September 27, 2016.

To invoke removal jurisdiction, the defendant has the burden of demonstrating that the court has original subject matter jurisdiction. *Long v. Bando Mfg. of America,*

*Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Where removal is based on the court's diversity jurisdiction under 28 U.S.C. § 1332(a), the defendant must prove that it is "more likely than not," or by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (overruled on other grounds); 28 U.S.C. § 1332(a)(1). The determination of the amount in controversy is made at the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The amount in controversy is viewed "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (quoting *Buckeye Recyclers v. CHEP USA*, 228 F.Supp.2d. 818, 821 (S.D. Ohio 2002)).

To meet its burden of proof on the amount in controversy, a defendant may rely on an estimate of the potential damages from the allegations within the complaint. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." *Id.* at 956. Several circuit courts have held that "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *Id.* (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). *See also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006). While the Sixth Circuit has not addressed this issue, the Eastern District of Michigan has permitted the use of an email containing settlement demands to prove the amount

in controversy. *Santos-Tiller v. Krispy Kreme Doughnut Corp.*, 2016 U.S. Dist. LEXIS 112786 (E.D. Mich., Aug. 24, 2016).

In its complaint, plaintiff seeks "an amount well in excess of the jurisdictional amount of $25,000, plus costs and interest, including past, current and future damages and wage loss, 401k loss and other benefits, exemplary damages, punitive damages, and attorney fees for the illegal acts of Defendant as stated herein." The nature of these claims and losses suggest an amount in controversy over $75,000.

Furthermore, defendant argues that at the time of removal, it met its burden to show that it was more likely than not that the amount in controversy exceeded $75,000 based on plaintiff's proposed settlement offer of $180,000. On June 21, 2016, plaintiff's attorney emailed defendant's attorney asking if plaintiff "will agree to pay the sum of $180,000.00 to reasonably settle all claims. . . . If we cannot settle all claims within the next 7 days, my Client has requested I file a complaint in State Court as to her State claims in order to preserve and move forward upon those claims." [Doc. 1-3 at 2].

Plaintiff argues that this settlement offer relates solely to the pending federal lawsuit and does not encompass the proposed state law claims. Contrary to plaintiff's argument, it would defy common sense to conclude that a proposal to settle "all claims" without any stated limitations would nevertheless exclude claims set forth in this case. Moreover, principles of res judicata would preclude pursuit of these claims following such a settlement.

The court finds that defendant's showing of plaintiff's offer to settle "all claims" for $180,000 establishes by a preponderance of the evidence that defendant has satisfied

its burden of demonstrating that the court has original subject matter jurisdiction under § 1332(a).

Plaintiff's motion to remand is DENIED.

Dated:  October 5, 2016

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

On October 5, 2016, copies of this Order were served by electronic and/or ordinary mail upon attorneys of record.

s/Marcia Beauchemin  
Deputy Clerk

---